O

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| **UTILITY TRAILER SALES OF** | § | |
| **SOUTHERN CALIFORNIA, LLC,** | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. L-09-117 |
| | § | |
| **PAPERNET, INC.,** | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM AND ORDER

Plaintiff, Utility Trailer Sales of Southern California, L.L.C. ("UTSSC"), filed a "Complaint for Declaratory Judgment & Application for Injunctive Relief" seeking an ex parte temporary restraining order and preliminary injunctive relief against Defendant, Papernet, Inc. (Dkt. 1, Compl.) UTSSC's filing is supported by an affidavit by Ralph Thrasher, UTSSC's sales manager. (Dkt. 1-2, Thrasher Aff., Nov. 11, 2009.)

UTSSC is a California entity that deals in utility trailers. (Compl. ¶¶ 1.01, 3.01.) UTSSC trailers sold to Mexican purchasers are transported by intermediaries, who for over five years have stored the trailers at Papernet's Laredo, Texas, facility until the titles are transferred and the purchaser can take delivery of the trailers and move them into Mexico. (Thrasher Aff. ¶ 3.) In 2007, UTSSC contracted to sell 100 utility trailers to two companies in Mexico, at $23,500

each.  (Id. at ¶ 5, Exs. 1-2.)  The trailers are specially made; they have translucent tops that allow light to enter while workers load and unload them.  (Id. at ¶ 5.)  UTSSC's Complaint concerns fourteen of these trailers that the Mexican purchasers did not pick up as expected, and which remain with Papernet.  (Id. at ¶ 6.)  One of the Mexican purchasers has agreed to take delivery of the trailers for a reduced price ($15,236 per trailer).  (Id.)  The purchaser has paid UTSSC, but Papernet refuses to release the fourteen trailers.  (Id. at ¶ 8, Ex. 3.)  Papernet asserts that it has a lien on the trailers to secure the unpaid storage fees for all of the trailers involved in the sale, and Papernet has told UTSSC that it will foreclose on the fourteen trailers if the $162,150.00 storage bill is not paid.  (Id.)  If the trailers are not delivered to the Mexican purchaser, Thrasher avers that UTSSC will be forced to obtain replacements at prices significantly higher than what it paid for the trailers at issue.  (Id. at ¶ 9.)  Moreover, it will take 90 to 120 days for UTSSC to deliver the replacements, and Thrasher anticipates that the delay will cause irreparable harm to UTSSC's relationship with the Mexican purchaser.  (Id. at ¶ 10.)  UTSSC alleges that there is no oral or written agreement between Papernet and UTSSC that either obliges UTSSC to pay the storage fees, or gives Papernet a lien on the trailers.  (Id. at ¶ 11; Compl. ¶ 6.05.)

o

UTSSC seeks a declaratory judgment that Papernet does not have a lien on the trailers and a preliminary injunction barring Papernet from foreclosing on the trailers during the pendency of this suit. (Compl. ¶¶ 4.03, 6.09.) UTSSC also asks the Court to issue an ex parte temporary restraining order barring Papernet from foreclosing on or otherwise disposing of the trailers until the Court can hold a hearing on its application for a preliminary injunction. (Id. at ¶ 5:07.)

Preliminary injunctive relief is an extraordinary remedy that should only be granted when the movant clearly shows: (1) a substantial likelihood that the movant will prevail on the merits, (2) a substantial threat that the movant will suffer irreparable injury without the injunction, (3) that the threatened injury to movant outweighs the threatened harm the injunction may do to the opposing party, and (4) that granting the injunction will not disserve the public interest. Anderson v. Jackson, 556 F.3d 351, 360 (5th Cir. 2009).

On the evidence UTSSC has supplied to the Court, UTSSC is not threatened with an irreparable injury for which it cannot attain an adequate remedy at law. Enjoining Papernet from foreclosing on the trailers would potentially increase the overall expense of the dispute, because Papernet would continue to increase its storage bill while the parties litigate over their interests in the trailers, and the Mexican purchaser would

O

continue without the trailers for which it has already paid. Furthermore, UTSSC has an obvious adequate remedy at law. It can pay Papernet the storage fees to secure the release of the trailers and then sue for restitution if Papernet's fees are unjustified. Moreover, UTSSC alleges that it has already been paid for the trailers. (Compl. ¶ 3.07.) It also alleges that it has never been responsible for paying Papernet and that this responsibility falls upon the "Mexican purchaser and importer of the trailers." (Thrasher Aff. ¶ 11.) Under those circumstances, it would seem that the quarrel over storage fees should be addressed by the purchaser and there should be no reason why UTSSC would be "forced" to replace the trailers.

Accordingly, UTSSC's applications for an ex parte restraining order and for a hearing on its application for a preliminary injunction are DENIED.

DONE at Laredo, TX, this 17th day of November, 2009.

_____
George P. Kazen
Senior United States District Judge